IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMEN OPPORTUNITY COMMISSION, | } } } | CIVIL ACTION NO. |
| Plaintiff, | } } | |
| v. | } } | JURY TRIAL DEMAND |
| HI-LINE ELECTRIC COMPANY, | } } } | |
| Defendant. | } } | COMPLAINT |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to job applicants over age 50 who were adversely affected by Defendant's recruitment and hiring policy which used criteria that excluded applicants over age 50 from consideration for the position of Territory Manager. This action is brought by the Equal Employment Opportunity Commission to provide appropriate relief to the class of applicants affected by the age-based exclusionary criteria. The Defendant's use of the age-based criteria unlawfully excluded individuals from employment because of their age, and resulted in a pattern and practice of discrimination in violation of the Age Discrimination in Employment Act.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938

(the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2. The employment practices alleged to be unlawful were committed throughout the United States of America, including within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Hi-Line Electric Company has continuously been doing business in the State of Texas, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.      Since at least September 2004, the Defendant has engaged in unlawful employment practices at its facility in Dallas, Texas, in screening and reviewing applicants for Territory Managers, for positions throughout the U.S. in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a). Defendant constructed and utilized a list of criteria or characteristics for hire, called the "Hi-Line Box", by which recruiters were to recommend applicants between the ages of 40 and 50 for hire into the job of Territory Manager. As a result of the implementation of this criteria, persons who were older than 50 were not recruited nor considered for hire into the position of Territory Manager. Defendant thus denied hiring opportunities to a class of qualified applicants over age 50 because of their age.

8.      The effect of the practices complained of in paragraph 7 above has been to deprive applicants over age 50 of equal employment opportunities and otherwise adversely affect their status as applicants, potential applicants or prospective hires for employment because of their age. The Defendant's development and implementation of the "Hi-Line Box" and the criteria included therein, resulted in a pattern and practice of discrimination against applicants over age 50.

9.      The unlawful employment practices complained of in paragraphs 7 and 8 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns and all persons in active concert or participation with it, from further utilization of the "Hi-Line Box" criteria as specifically relates to age, or engaging in any other employment practice which discriminates on the basis of age against individuals over age 50.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals over age 50, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, and prejudgment interest, to a class of aggrieved individuals who were denied hire to the position of Territory Manager because of their age.

D. Grant a judgment requiring Defendant to pay liquidated damages in an amount equal to their back wages to the class of aggrieved individuals who were denied hire to the position of Territory Manager because of their age.

E. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place hiring of the aggrieved individuals over age 50 who were subject to Defendant's "Hi-Line Box" age-based policy and practice.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

_____
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston, Third Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)